IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES AVIATION CO., <br><br> Plaintiff, <br><br> v. <br><br> STAR JETS INTERNATIONAL, LLC, and RICHARD A. SITOMER, <br><br> Defendants. | Case No. 23-CV-434-JFH-SH |

**OPINION AND ORDER**

Before the Court is a motion for default judgment ("Motion") filed by Plaintiff United States Aviation Co. ("USAC"). Dkt. No. 15. USAC requests the Court enter default judgment against Defendants Star Jets International, LLC ("Star") and Richard A. Sitomer ("Sitomer") (collectively "Defendants"). *Id.* No defendant has an appearance or otherwise participated in the case. For the reasons stated, the Motion is DENIED WITHOUT PREJUDICE. USAC may file a revised motion no later than June 6, 2024.

**BACKGROUND**

Because clerk's entry of default has been entered, the Court takes the factual allegations of the complaint and its exhibits as true. *See Tripodi v. Welch*, 810 F.3d 761, 765 (10th Cir. 2016) (noting that after default is entered, "a defendant admits to a complaint's well-pleaded facts and forfeits his or her ability to contest those facts") (internal quotation marks and citation omitted); *United States v. Craighead*, 176 F. App'x 922, 924 (10th Cir. 2006)[1] ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the

---

[1] Unpublished appellate opinions are not precedential but are cited for persuasive value. Fed. R. App. P. 32.1.

judgment, and is barred from contesting on appeal the facts thus established.") (internal quotation marks and citation omitted).

USAC provides private flight charters. Star brokers private flight charters between companies such as USAC and consumers. Sitomer is Star's CEO. On June 22, 2023, USAC received a request from Star regarding a charter trip between New Jersey and China to begin the following day and return on July 4, 2023. USAC provided a quote and contract the same afternoon and Sitomer returned the signed agreement the same evening. USAC started working on landing permit approvals for landing in China and reserved its aircraft, making it unavailable for charter until after July 4, 2023. That same evening, Sitomer promised payment would be wired to USAC the next morning. The total roundtrip charter quote was $403,825.00.

On June 23, 2023, Sitomer agreed to wire payment for $403,825.00 under the parties' contract. Paperwork continued regarding the required landing permit, with USAC eventually confirming receipt of the permit around noon. Simultaneously, Defendants informed USAC that they "had moved on to other plans" and cancelled the trip over the phone. That afternoon, USAC invoiced Defendants for $201,912.50 under a provision in the parties' contract that cancellation of a trip within seven (7) days of departure would result in a 50% late cancellation fee. Defendants refused to pay the invoice. This suit followed.

## AUTHORITY AND ANALYSIS

"[A] defendant's default does not in itself warrant the court in entering a default judgment." *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Courts "do not favor default judgments because the court's power is used to enter and enforce judgments regardless of the merits of the case, purely as a penalty for delays in filing or other procedural error." *Cessna Fin. Corp. v. Bielenberg*

*Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983). "However, a workable system of justice requires that litigants not be free to appear at their pleasure. We therefore must hold parties and their attorneys to a reasonably high standard of diligence in observing the courts' rules of procedure." *Id.*

As an initial matter, the Court "has an affirmative duty to look into its jurisdiction both over the subject matter and the parties," as "[d]efects in personal jurisdiction . . . are not waived by default when a party fails to appear or to respond." *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202-03 (10th Cir. 1986). *See also Dennis Garberg & Assocs., Inc. v. Pack-Tech Intern. Corp.*, 115 F.3d 767, 771-72 (10th Cir. 1997) ("We have noted earlier that judgment by default should not be entered without a determination that the court has jurisdiction over the defendant.").

Federal courts have subject matter jurisdiction of all civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). According to the complaint, the amount in controversy exceeds $75,000 because the invoice at issue is in the amount of $201,912.50. Dkt. No. 2. However, complete diversity of citizenship cannot be verified.

USAC is an Oklahoma corporation. Dkt. No. 5. It believes Sitomer is a citizen of New York. Dkt. No. 2 at 2. It alleges Star is a corporation organized under the laws of the State of New York with its principal place of business in Brooklyn, New York. *Id.* at 1. However, this conflicts with USAC's description of Star as a limited liability company in the case caption [*id.*] and in an affidavit submitted with the Motion [Dkt. No. 15-3 at 4]. The letters included in Star's full name—Star Jets International, LLC—indicate it may be a limited liability company. *See also* Dkt. No. 2-1 (Aviation Agreement identifying Star as a limited liability company); *compare* Dkt. No. 2-2 (Aviation Invoice identifying Star as a corporation). Because of this discrepancy, the

Court cannot determine whether Star is a corporation or a limited liability company and, thus, cannot determine if complete diversity jurisdiction exists.

Determining the citizenship of a limited liability company is different from determining the citizenship of a corporation under § 1332.  A corporation is deemed to be a citizen of the state in which it is incorporated and in which it maintains its principal place of business.  *See* § 1332(c).  Limited liability companies, however, are treated as partnerships for citizenship purposes and are therefore citizens of every state in which any of their members are citizens.  *Mgmt. Nominees, Inc. v. Alderney Inv., LLC*, 913 F.3d 1321, 1324-25 (10th Cir. 2016) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990)); *Siloam Springs Hotel, L.L.C. v. Century Surety Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015) (explaining that "in determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members").  USAC has not alleged the identity or citizenship of Star's members, so the Court cannot determine whether complete diversity of parties—and consequently, subject matter jurisdiction—exists.

Because it cannot assure itself of its subject matter jurisdiction, the Court denies default judgment at this time.  However, USAC may file a new motion for default judgment no later than June 6, 2024.  If USAC files a new motion, it shall support its request with jurisdictional facts proven by affidavit.  *See Malluk v. Berkeley Highlands Prods., LLC*, 611 F. Supp. 3d 1134, 1137 (D. Colo. 2020).

## CONCLUSION

IT IS THEREFORE ORDERED that USAC's motion for default judgment [Dkt. No. 15] is DENIED WITHOUT PREJUDICE.  USAC may file a revised motion by June 6, 2024.

Dated this 6th day of May 2024.

                                                JOHN F. HEIL, III
                                              UNITED STATES DISTRICT JUDGE