IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES AVIATION CO., <br><br> Plaintiff, <br><br> v. <br><br> STAR JETS INTERNATIONAL, LLC, and RICHARD A. SITOMER, <br><br> Defendants. | Case No. 23-CV-434-JFH-SH |

## OPINION AND ORDER

Before the Court is a second motion for default judgment ("Second Motion") filed by Plaintiff United States Aviation Co. ("USAC"). Dkt. No. 18. USAC requests the Court enter default judgment against Defendants Star Jets International, LLC ("Star") and Richard A. Sitomer ("Sitomer") (collectively "Defendants"). *Id.* No defendant has entered an appearance or otherwise participated in the case. For the reasons stated, the Second Motion is GRANTED.

## BACKGROUND

Because clerk's entry of default has been entered, the Court takes the factual allegations of the complaint and its exhibits as true. *See Tripodi v. Welch*, 810 F.3d 761, 764-65 (10th Cir. 2016) (noting that after default is entered, "a defendant admits to a complaint's well-pleaded facts and forfeits his or her ability to contest those facts") (internal quotation marks and citation omitted); *United States v. Craighead*, 176 F. App'x 922, 924 (10th Cir. 2006)[1] ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.") (internal quotation marks and citation omitted). The Court also accepts as true the undisputed facts alleged in

---

[1] Unpublished appellate opinions are not precedential but are cited for persuasive value. Fed. R. App. P. 32.1.

affidavits and exhibits attached to the Second Motion. *Malluk v. Berkeley Highlands Prods., LLC*, 611 F. Supp. 3d 1134, 1137 (D. Colo. 2020).

USAC provides private flight charters. Star brokers private flight charters between companies such as USAC and consumers. Sitomer is Star's CEO. On June 22, 2023, USAC received a request from Star regarding a charter trip between New Jersey and China to begin the following day and return on July 4, 2023. USAC provided a quote and contract the same afternoon, and Sitomer returned the signed agreement the same evening. USAC started working on landing permit approvals for landing in China and reserved its aircraft, making it unavailable for charter until after July 4, 2023. That same evening, Sitomer promised payment would be wired to USAC the next morning. The total roundtrip charter quote was $403,825.00.

On June 23, 2023, Sitomer agreed to wire payment for $403,825.00 under the parties' contract. Paperwork continued regarding the required landing permit, with USAC eventually confirming receipt of the permit around noon. Simultaneously, Defendants informed USAC that they "had moved on to other plans" and cancelled the trip over the phone. That afternoon, USAC invoiced Defendants for $201,912.50 under a provision in the parties' contract that cancellation of a trip within seven (7) days of departure would result in a 50% late cancellation fee. Defendants refused to pay the invoice. This suit followed.

USAC filed its complaint and served Defendants in October 2023. Dkt. Nos. 2, 9, 10. With Defendants having failed to appear or participate in this suit, USAC obtained clerk's entry of default in November 2023. Dkt. No. 12. USAC previously moved for default judgment on May 31, 2024. Dkt. No. 15. However, due to a discrepancy in USAC's classification of Star as either a corporation or a limited liability company, the Court could not determine whether diversity jurisdiction existed. Dkt. No. 17 at 3-4. The Court therefore denied USAC's first default judgment

motion for lack of sufficient jurisdictional facts and granted it leave to refile the motion with additional support. *Id.* at 4. USAC timely filed this Second Motion and its exhibits.

## AUTHORITY AND ANALYSIS

"[A] defendant's default does not in itself warrant the court in entering a default judgment." *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Courts "do not favor default judgments because the court's power is used to enter and enforce judgments regardless of the merits of the case, purely as a penalty for delays in filing or other procedural error." *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983). "However, a workable system of justice requires that litigants not be free to appear at their pleasure. We therefore must hold parties and their attorneys to a reasonably high standard of diligence in observing the courts' rules of procedure." *Id.*

### I. Jurisdiction

As an initial matter, the Court "has an affirmative duty to look into its jurisdiction both over the subject matter and the parties," as "[d]efects in personal jurisdiction . . . are not waived by default when a party fails to appear or to respond." *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202-03 (10th Cir. 1986). *See also Dennis Garberg & Assocs., Inc. v. Pack-Tech Intern. Corp.*, 115 F.3d 767, 771-72 (10th Cir. 1997) ("We have noted earlier that judgment by default should not be entered without a determination that the court has jurisdiction over the defendant.").

### A. Subject Matter Jurisdiction

Under the doctrine of diversity jurisdiction, federal courts have subject matter jurisdiction of all civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). Here, the amount in controversy exceeds $75,000 because

3

the invoice at issue is in the amount of $201,912.50. Dkt. No. 2. Moreover, given the information provided in USAC's Second Motion, the Court is now also satisfied that there exists complete diversity of parties in this case.

For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of the state in which it is incorporated and in which it maintains its principal place of business. *See* § 1332(c). Limited liability companies, on the other hand, are treated as partnerships for citizenship purposes and are therefore deemed citizens of every state in which any of their members are citizens. *Mgmt. Nominees, Inc. v. Alderney Inv., LLC*, 813 F.3d 1321, 1324-25 (10th Cir. 2016) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990)); *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015) (explaining that "in determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members"). USAC is an Oklahoma corporation with its principal place of business in Oklahoma. Dkt. No. 2 at 1; Dkt. No. 5 (corporate disclosure statement); Dkt. No. 18-1 at 3. Star is a limited liability company with one member: Star Jets International, Inc., a Florida corporation that maintains its principal place of business in New York. Dkt. No. 18 at 2; Dkt. No. 18-1. Sitomer is an individual residing in New York. Dkt. No. 2 at 2. Because neither Star nor Sitomer are citizens of the same state as USAC, there exists complete diversity of parties.

### B. Personal Jurisdiction

"In diversity cases, federal courts have in personam jurisdiction as permitted by state law, consistent with the Fourteenth Amendment's due process requirement." *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1532 (10th Cir. 1996). "If personal jurisdiction is evaluated by the district court based only on the complaint and affidavits, a prima facie showing of personal

4

jurisdiction is sufficient." *Niemi v. Lasshofer*, 770 F.3d 1331, 1347 (10th Cir. 2014) (quotation omitted). Two kinds of personal jurisdiction exist: general jurisdiction and specific jurisdiction.

General jurisdiction applies in an individual's state of domicile. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). Since Defendants are not citizens of Oklahoma, there is no prima facie showing of general jurisdiction.

Specific jurisdiction requires "first, that the out-of-state defendant must have purposefully directed its activities at residents of the forum state, and second, that the plaintiff's injuries must arise out of defendant's forum-related activities." *Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011) (quotation omitted). The "purposeful direction" requirement is generally defined as an intentional action expressly aimed at the forum state with knowledge that the brunt of the injury would be felt in the forum state. *Id.* at 1239-40 (citing *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1072 (10th Cir. 2008)). In a contract case, the Court looks "at prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing." *AST Sports Sci., Inc. v. CLF Dist. Ltd.*, 514 F.3d 1054, 1058 (10th Cir. 2008) (quotation omitted).

The Court is satisfied that specific jurisdiction exists here. USAC's complaint establishes that Defendants expressly aimed their actions at the forum state of Oklahoma. Defendants initiated the parties' negotiations by requesting a charter flight from USAC. Dkt. No. 2 at 3. Throughout their dealings, Defendants knew of USAC's situs in Oklahoma and agreed USAC was to receive payment in the forum. *Id.* at 2. "Sitomer, on behalf of Star and for his individual benefit, made misrepresentations concerning the [contract at issue] directed to Plaintiff in Tulsa County, Oklahoma." *Id.* at 3. The misrepresentations "were received by the Plaintiff in Tulsa County," and USAC's "reliance thereon occurred in Tulsa County." *Id.*

**II.     Rule 55**

Once the Court has confirmed its jurisdiction, Federal Rule of Civil Procedure 55 sets out a two-step process for a default judgment. First, if "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Next, the plaintiff is typically required to apply to the Court for a default judgment. Fed. R. Civ. P. 55(b)(2). The decision of whether to then enter a default judgment is within the Court's discretion, but there must be sufficient basis in the pleadings for it to do so. *Olcott v. Delaware Flood Co.*, 327 F.3d 1115, 1124 (10th Cir. 2003); *Bixler*, 596 F.3d at 762. This is generally interpreted to mean that the well-pled facts of the complaint, if taken as true, must state a claim for relief. 10A Wright & Miller, Fed. Prac. & Proc. Civ. § 2682 (4th ed.). Additionally, a court may enter a default judgment without a hearing if the amount claimed is a liquidated sum or one capable of mathematical calculation. *See Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983).

USAC obtained clerk's entry of default against Defendants [Dkt. No. 12] and now moves the Court for default judgment [Dkt. No. 18]. The facts contained in USAC's complaint and Second Motion, together with their respective exhibits, provide sufficient facts to state a claim for relief. Namely, USAC brings a breach of contract claim against Defendants for failure to pay an agreed-upon late cancellation fee. Defendants entered into an agreement with USAC to charter a roundtrip flight from New Jersey to China for $403,825.00. Pursuant to their agreement, Defendants were to pay a fee of half the quoted amount if they cancelled the flight within seven (7) days of its scheduled departure. Defendants cancelled their flight the day it was set to depart. USAC billed Defendants for the late cancellation, and Defendants refused to pay. USAC now seeks default judgment against Star and Sitomer, jointly and severally, in the amount of

$201,912.50—the sum of the unpaid cancellation fee. These facts are sufficient to state a claim for relief under a breach of contract claim, and default judgment in the amount requested is reasonable.

### III.   Interest and Fees

USAC also requests pre- and post-judgment interest at statutory rates, attorney fees, and costs. Dkt. No. 18 at 6. Pursuant to 28 U.S.C. § 636(b)(1), the Court will refer this matter to a United States Magistrate Judge for report and recommendation on the issues of interest and fees.

### CONCLUSION

IT IS THEREFORE ORDERED that USAC's motion for default judgment [Dkt. No. 18] is GRANTED. Default judgment in a principal amount of $201,912.50 shall be entered against Defendants jointly and severally.

IT IS FURTHER ORDERED that the Second Motion is REFERRED to Magistrate Judge Susan Huntsman for report and recommendation on interest and fees.

Dated this 26th day of June 2024.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE